J-A05025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KATHLEEN CORSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVE DELLA CROCE | |
| Appellant | No. 1086 EDA 2015 |

Appeal from the Order Entered March 31, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 120500102

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 07, 2016**

Dave Della Croce appeals from the order entered on March 31, 2015, in the Court of Common Pleas of Philadelphia County, granting Kathleen Corson's motion for sanctions regarding a delay by Della Croce's insurer in the payment of $50,000.00 in settlement.  Della Croce claims such sanctions were waived by agreement in order to allow for delays in investigating Medicare lien issues.  Specifically, Della Croce raises six issues in this timely appeal.  Three of the six questions presented address applicability of the waiver of sanctions pursuant to Pennsylvania Rule of Civil Procedure 229.1. The remaining three questions address claims of error in the trial court's findings of fact.  None of the questions presented address the central aspect

_____

[*] Former Justice specially assigned to the Superior Court.

of the trial court's ruling that the sanctions were applied to a time when Della Croce admits no Medicare lien issues existed. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

On May 7, 2012, Corson instituted the underlying personal injury lawsuit by filing a complaint alleging she tripped and fell due to a defect in the sidewalk at a location owned by Della Croce. Pursuant to a case management order, the matter was placed in the August 2014 Trial Pool. The case was then placed in the September 2014 Trial Pool. *See* Docket. However, the parties settled the lawsuit on September 3, 2014, and the trial court was so informed. *See* Docket.

A General Release and Settlement Agreement (Agreement) was signed by Corson on September 11, 2014. Relevant to this appeal, the matter settled for consideration of payment of $50,000.00. Agreement, 9/11/2014, ¶ 1. Additionally, the parties agreed to waive

> any penalty or sanction pursuant to Philadelphia Court Rule, should settlement funds be received later than twenty (20) days from the date of receipt by Defendant's insurance carrier.

*Id.* at ¶ 9. Although the local Philadelphia Court Rule is not specifically referred to, the argument appears to reference Phila.R.C.P. 229.1. In relevant part, Phila.R.C.P. 229.1 states:

> (C) The Releasing Party and Released Party may agree in writing to modify or waive any of the provisions of this rule.

(D) A Released Party shall have twenty (20) calendar days from receipt of an executed release within which to deliver the settlement funds to the Releasing Party or its counsel.

Phila.R.C.P. 229.1 (C), (D).[1]

As noted, the Agreement was signed by Corson on September 11, 2014. The record does not reveal when the signed Agreement was received by Della Croce's counsel. Sometime prior to December 3, 2014, approximately three months after the settlement agreement was signed, Corson's counsel inquired of Della Croce's counsel regarding the status of the $50,000 settlement check. On December 3, 2014, Della Croce's counsel sent an email in return stating,

My carrier confirmed with me the check was sent on November 26. We still haven't received it, but of course as soon as I do, I will let your office know. I will ask tomorrow for proof of mailing. Chris[2] and I missed each other today.

**See** Attachment, Corson's Reply to Della Croce's Response to Motion to Enforce Settlement, 1/21/2015. Counsel for Corson sent email inquiries regarding the settlement funds again on December 8 and December 22, 2014. **See id**. These inquiries went unanswered.

On January 7, 2015, counsel for Corson filed the motion to enforce settlement that is the subject of this appeal. On January 8, 2015, counsel

---

[1] Paragraph (F) details what sanctions are available. There is no dispute over Paragraph (F).

[2] The certified record does not positively identify "Chris." From context, it appears that "Chris" is most likely an adjuster.

sent an email to counsel for Della Croce informing him of that fact. Della Croce's counsel responded:

> I agree it's taken too long, but my client can't escape Medicare compliance. I know you forwarded the lien letter, but they have to do their own compliance check. The other thing, the adjuster who authorized settlement since left the company and did not leave any of the file materials (or tell anyone), but that's not your problem. I am told the check has finally been authorized, but until I see it, I don't want to tell you I have it.
>
> That said, I think the motion is inappropriate. Rule 229.1 sanctions were waived in the release. In fact, we discussed it, and I told you we had a history of Medicare not being timely with us. For that reason, and others, I have to oppose the motion. My hope is the check arrives shortly and makes this moot.

*Id.*, Email, 1/8/2015.

The certified record reveals the settlement check was received by Della Croce's counsel on January 9, 2015, and subsequently forwarded to counsel for Corson. However, the motion for enforcement of the settlement was not withdrawn. The trial court determined that the settlement check was not delivered within 20 days of the executed release, as provided for by Phila.R.C.P. 229.1 and awarded 4.75% interest on $50,000.00 from December 7, 2014[3] to January 8, 2015 as well as $500.00 in attorney's fees.

Initially, we note, "It is well-established that the enforceability of settlement agreements is determined according to principles of contract law." **McDonnell v. Ford Motor Co.**, 643 A.2d 1102, 1105 (Pa. Super. 1994) (citation omitted). Additionally,

---

[3] We note that December 7, 2014 was a Sunday.

> [O]ur standard of review of a trial court's grant or denial of a motion to enforce a settlement agreement is plenary, as the challenge is to the trial court's conclusion of law. We are free to draw our own inferences and reach our own conclusions from the facts as found by the trial court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence.
>
> ***Hannington v. Trustees of Univ. of Pennsylvania***, 809 A.2d 406, 408 (Pa. Super. 2002) (citations and quotations marks omitted).[4]

***Casey v. GAF***, 828 A.2d 362, 267 (Pa. Super. 2003).

We will address Della Croce's claims regarding Rule 229.1 together. As noted above, the appellant's brief claims the trial court erred in failing to apply Pa.R.C.P. 229.1. However, the Agreement makes no mention of either the Pennsylvania Rules of Civil Procedure, in general, or Pa.R.C.P. 229.1, specifically. Rather, the Agreement only generally mentions a waiver of penalty or sanction that might be available under Philadelphia Court Rules, without mentioning any specific provision under the Philadelphia Court Rules. Although Della Croce lists three questions[5] regarding the application of Pa.R.C.P. 229.1, none of these questions specifically appears under relevant headings in the argument section of appellant's brief. Instead, Della Croce has provided a general argument regarding the enforceability of

---

[4] ***Harrington*** was abrogated on other grounds by ***Reutzel v. Douglas***, 870 A.2d 787 (Pa. 2005).

[5] Questions 1, 2, and 3 of the Question Presented. **See** Appellant's Brief, a 4-5.

a Rule 229.1(C) provision, waiving sanctions for late delivery of settlement funds.

We could find the issues waived for failure to follow appropriate Appellate Rules of Procedure, however, we will address the general question of the applicability of Pa.R.C.P. 229.1 (Rule).

Here, Della Croce essentially argues the waiver of sanctions pursuant to the Rule was knowing and the terms of the Rule are clear. Accordingly, Della Croce asserts the trial court erred in imposing sanctions in contradiction to the agreed upon terms of the Agreement. We agree with Della Croce that Rule 229.1 (both Philadelphia and Pennsylvania versions) specifically allows the parties to waive any portion of the Rule. Della Croce also asserts that the Agreement contained the waiver of sanctions to allow for delays in obtaining relevant Medicare lien information even though not specified in the Agreement. Corson does not contradict this and we have no reason to doubt this assertion. However, this does not end the discussion.

Della Croce has neglected to address both the fact that the trial court awarded sanctions only for that period which Della Croce has admitted there were no longer any Medicare lien issues, and the trial court's concerns with the actual misrepresentations made by Della Croce's insurer regarding delivery of the settlement funds. Our review of the certified record leads us to conclude it was this unexplained delay and the misrepresentation that led to the imposition of sanctions.

The certified record reveals that the Agreement was signed by Corson on September 11, 2014 and presumably delivered to Della Croce shortly thereafter. Without a formal waiver of sanctions, Della Croce would have been required to pay the settlement within 20 days of receipt of the signed Agreement. This would have made payment of the funds due sometime near the first week of October, 2014.

However, a written waiver was signed, and there is no indication in the certified record that Corson or her attorney did not understand the general terms of that waiver. Nowhere in the email correspondence between Corson's and Della Croce's counsel is there an indication of surprise at the existence of the waiver clause. Rather, what was disputed was the reasonable duration of the waiver.

Sometime prior to December 3, 2014, almost two months after the signing and delivery of the Agreement, Corson had still not been paid. Accordingly, Corson's attorney sent an inquiry to Della Croce's counsel. On December 3, 2014, Della Croce's counsel replied, indicating the insurer had sent the settlement check on November 26, 2014. This is important for a number of reasons. First, it appears from the record no check was sent by Della Croce's insurance company on that date. Corson's counsel inquired twice more after being told "the check is in the mail" and received no replies thereto. Second, and more importantly, the gist of Della Croce's current argument is that the settlement check could not be issued until the insurer

had determined the status of any Medicare lien. However, in his brief, Della Croce states CMS (Centers for Medicare and Medicaid Services) informed the parties by letter dated November 4, 2014, there were no Medicare liens.[6]

Nonetheless, six weeks passed between the date the check was first reported to have been sent and the date the check was sent and delivered to Corson. Ultimately, it is this period of time and the misrepresentations surrounding this time that led to the imposition of sanctions. Della Croce argued and continues to argue that payment of the settlement funds was delayed due to Medicare considerations.[7] However, Della Croce has admitted in both the response to Corson's Motion to Compel Delivery of Settlement Funds, and in his appellant's brief, that the insurer had information regarding the non-existence of a Medicare lien by November 14, 2014, at the latest. Accordingly, we must agree with the trial court that this

_____

[6] Della Croce refers to page 154a of the reproduced record for a copy of that letter. Unfortunately, no copy of the letter is to be found in the certified record, but all parties agree to the existence of the letter and its substance. In the reply to the motion to compel, Della Croce makes reference to a November 14, 2014 letter from CMS. Whatever the proper date, it is clear that Della Croce admits that the relevant information was supplied to the insurer well before the settlement check was tendered.

[7] The trial court found this argument to be disingenuous in that a statement indicating no Medicare lien existed was sent to Della Croce along with the signed Agreement. This is incorrect. The certified record reveals Corson sent a statement indicting there were no child support liens to be considered. No information regarding Medicare liens accompanied transmission of the Agreement.

argument is disingenuous. Essentially, after literally telling Corson "the check is in the mail," Della Croce then asked Corson to simply accept as a fact that the insurer was diligently working to overcome Medicare hurdles, despite having received notice from an independent service (CMS) that no Medicare lien existed.

Della Croce argues that the purpose of including the sanctions waiver language found in Paragraph 9 of the Agreement was to account for delays incurred due to investigating Medicare issues. Appellant's brief quotes from correspondence faxed to Corson's counsel on September 4, 2014, confirming this reasoning.

> …as we discussed, due to the Medicare issues surrounding your client's claim, the settlement funds may be delivered later than the twenty (20) days as set forth in the Philadelphia County Rule 229. …[Y]ou have agreed to waive that 20 day Rule.

Appellant's Brief at 7.[8]  Additionally, Section E of Appellant's brief is titled:

> The Plain Intent Of The Release Was To Provide Della Croce With Additional Time To Serve The Settlement Funds Due To The Need To Confirm The Absence Of A Medicare Lien And The Trial Court Made Three Separate Errors In Its Findings Of Fact.

Appellant's Brief at 21.

The trial court imposed sanctions upon Della Croce for the failure to promptly deliver settlement funds from December 7, 2014 to January 9,

_____

[8] The September 4, 2014 correspondence is also not found in the certified record. We remind counsel to include all relevant documents in the certified record.

2015. The facts as developed in this matter demonstrate there were no Medicare issues left unresolved in this time-period. Pursuant to Della Croce's own argument, the paragraph 9 sanctions waiver was only intended to apply to delays caused by Medicare issues. Additionally, the misrepresentations made to Corson on December 3, 2014, regarding the timely delivery of the settlement funds followed by silence in the face of subsequent inquires by Corson only serves to highlight the egregious nature of the failure to promptly deliver what was owed. Accordingly, we find no error in the trial court's imposition of sanctions and attorney's fees regarding this period.

In the remaining three claims, Della Croce argues the trial court erred in finding: (1) the necessary Medicare documentation was provided by Corson with the signed release, (2) Della Croce only raised the issue of a Medicare lien in December 2014, and (3) the settlement funds were issued by the insurer only because of Corson filing the motion to enforce.[9]

We agree with Della Croce regarding the first and third issues. We have already noted that the information provided by Corson with the signed Agreement indicated there were no child support liens to be accounted for, not Medicare liens. **See** Footnote 6, *supra*. Also, the timeline of this matter

_____

[9] These issues correspond to question 4, 5, and 6 of Della Croce's Questions Presented. These questions were not separately addressed in the argument section of the appellant's brief, but were, as noted above, included in Section E of Della Croce's arguments.

as reflected through the certified record indicates while the settlement funds were not delivered to Corson until after the motion had been filed, the insurer issued the check prior to the motion being filed. Accordingly, it cannot be fairly stated that the certified record supports the statement that the check was issued in response to the motion to enforce. Nevertheless, neither of these misstatements have any effect on the relevant reasons supporting the imposition of sanctions. The salient facts, as we have already determined, were, the delivery of the CMS document in early to mid-November confirming there were no Medicare issues; the misrepresentations by the insurer that the check was in the mail by late November, along with the inference that the insurer had determined there were no outstanding Medicare issues; the continued silence from the insurer and Della Croce's counsel regarding the status of the owed settlement funds; and the continued reliance on a claim that outstanding Medicare issues held up payment, notwithstanding the fact that such issues had already been resolved.

Regarding the second issue, we agree that the certified record reveals that the initial concerns regarding the waiver of sanctions were to allow for the resolution of Medicare issues. However, the trial court is also correct that during the relevant time-period, from the beginning of December, when Corson was told the check was in the mail, to the beginning of January, when the issue of the motion to enforce was raised, there was no mention of

continuing Medicare issues. As noted above, Della Croce has never produced any evidence of ongoing Medicare issues.

Accordingly, Della Croce is entitled to no relief on his claims of error regarding the trial court's findings of fact.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016